UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
LUIS ORTIZ,

        Plaintiff,

  -against-

AIRCRAFT SERVICE INTERNATIONAL
GROUP, *et al.*,

        Defendants.
------------------------------------------------------X

MEMORANDUM
AND ORDER

12 CV 3233 (ENV)(RML)

LEVY, United States Magistrate Judge:

        Plaintiff Luis Ortiz ("plaintiff") moves pursuant to FED. R. CIV. P. 26(b)(4)(E) for an order directing defendant Aircraft Service International Group ("defendant") to pay plaintiff's orthopedic surgeon and designated expert, Dr. Howard Baum, a fee of $6000 for his appearance at a deposition on June 25, 2013. (See Letter of Antonette M. Milcetic, Esq., dated Aug. 7, 2013 ("Pl.'s Ltr.").) Dr. Baum testified for less than three hours, from 10:08 a.m. to 12:42 p.m.[1] (Id., Ex. B.) Defendant agrees that it must pay Dr. Baum a reasonable fee for his time, but objects to the proposed fee as excessive and instead suggests a rate of $350 per hour. (See Letter of Raymond L. Mariani, Esq., dated Aug. 22, 2013.)

        Rule 26 states that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." FED. R. CIV. P. 26(b)(4)(A). Pursuant to Rule 26(b)(4)(C), "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery." FED. R. CIV. P. 26(b)(4)(C)(i). Courts in this district consider the following factors in

---

[1] Plaintiff is not seeking compensation for time spent by Dr. Baum preparing for his deposition. (Pl.'s Ltr. at 1.)

determining the reasonableness of a fee:

> (1) the witnesss area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographical area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters.

Magee v. The Paul Revere Life Ins. Co., 172 F.R.D. 627, 645 (E.D.N.Y. 1997) (internal citations omitted); see also Mathis v. NYNEX, 165 F.R.D. 23, 24–25 (E.D.N.Y. 1996) (listing same factors). "None of the foregoing factors have talismanic qualities. Instead, they provide a guide for the Court to utilize." Magee, 172 F.R.D. at 645.

The party seeking to be reimbursed bears the burden of demonstrating that the fee sought is reasonable. See New York v. Solvent Chem. Co., 210 F.R.D. 462, 468 (W.D.N.Y. 2002). However, where the party seeking reimbursement fails to meet its burden, "the court may use its discretion to determine a reasonable fee." Id.

According to his curriculum vitae, Dr. Baum is a board-certified orthopedic surgeon with over twenty-eight years of experience. (Pl.'s Ltr., Ex. A.) Dr. Baum received his medical degree from New York Medical College in 1989 and maintains a practice in Bay Ridge, Brooklyn (id.), at which he claims to see an average of sixty to eighty patients per day (Pl.'s Ltr. at 3). He is also a clinical assistant professor at the SUNY Downstate Medical Center College of Medicine and has given many lectures and presentations in his field. (Id.) Dr. Baum stated in his deposition that he has testified in trials approximately ten times per year for the past eighteen years (Pl.'s Ltr., Ex. 2 at 7), and he estimates that he will charge plaintiff $4500 to $9500 for his

trial testimony (Pl.'s Ltr. at 3.).

In similar cases in this district, expert orthopedic surgeons consistently have been awarded $400 per hour. See Broushet v. Target Corp., 274 F.R.D. 432, 434 (E.D.N.Y. 2011) (awarding $400 per hour to orthopedic surgeon for time spent preparing for and testifying at deposition); Casiano v. Target Stores, No. 06 CV 6286, 2008 WL 3930558, at *2 (E.D.N.Y. Aug. 21, 2008) (finding a rate of $400 per hour "more than reasonable" for orthopedic surgeon); Kreyn v. Gateway Target, No. 05 CV 3175, 2008 WL 2946061, at *2 (E.D.N.Y. July 31, 2008) (finding expert fee of $400 per hour reasonable for orthopedist who was the plaintiff's treating physician). See also Reit v. Post Props., Inc., No. 09 CV 5455, 2010 WL 4537044, at *6 (S.D.N.Y. Nov. 4, 2010) (reducing deposition hourly rate for orthopedist from $550 to $250). In light of this case law, and the supporting documentation, I find that $400 per hour is a reasonable fee and that Dr. Baum should be compensated accordingly.

SO ORDERED.

Dated: Brooklyn, New York
      September 19, 2013

/s/
ROBERT M. LEVY
United States Magistrate Judge